UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES DEAN VIOX,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>NANCY PORTER et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 3:14-cv-00357-MMD-WGC<br><br>ORDER |

**I.   DISCUSSION**

On October 20, 2014, this Court entered a screening order deferring a decision on the application to proceed *in forma pauperis*. (Dkt. no. 8 at 5.) In the screening order, the Court dismissed the complaint in its entirety with respect to the allegations challenging Plaintiff's conviction, appeal, and habeas proceedings but granted Plaintiff leave to amend his complaint with respect to the allegations related to his incarceration at the Northern Nevada Correctional Center ("NNCC"). (*Id.*) The Court granted Plaintiff thirty (30) days from the date of that order to file an amended complaint. (*Id.*) The Court further noted that it would dismiss the case without prejudice if Plaintiff failed to file an amended complaint about his conditions of confinement. (*Id.*)

On October 29, 2014, Plaintiff filed a notice of appeal as to this Court's screening order. (Dkt. no. 12.) On November 13, 2014, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because the screening order was not final or appealable. (Dkt. no. 15.)

On November 21, 2014, this Court entered an order directing Plaintiff to file his amended complaint within thirty (30) days from the date of that order. (Dkt. no. 17 at 3.)

The Court reiterated that if Plaintiff failed to file an amended complaint, the Court would dismiss the action without prejudice. (*Id.*)

On November 26, 2014, Plaintiff filed an interlocutory notice of appeal as to the Court's screening order. (Dkt. no. 19.) On February 6, 2015, Plaintiff filed a petition for writ of mandamus with the Ninth Circuit. (Dkt. no. 27.) On March 24, 2015, the Ninth Circuit denied Plaintiff's petition and denied all other pending motions as moot. (Dkt. no. 28.)

During the pendency of the appeals, Plaintiff had filed a motion for appointment of counsel, a motion for reconsideration, and an urgent motion for reconsideration. (Dkt. no. 22, 23, 26.) The Court denies the motions for reconsideration. In those motions, Plaintiff reargues the allegations challenging Plaintiff's conviction, appeal, and habeas proceedings. (*See* dkt. no. 23, 26). As explained in this Court's original screening order, these challenges are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* dkt. no. 8 at 4-5.)

With respect to the motion for appointment of counsel, a litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel (dkt. no. 22).

///

The Court gives Plaintiff one final opportunity to amend his complaint within thirty (30) days from the date of entry of this order. If Plaintiff fails to file an amended complaint about his conditions of confinement, this action shall be dismissed without prejudice. The Court will not grant any further extensions.

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for appointment of counsel (dkt. no. 22) is denied.

It is further ordered that the motion for reconsideration (dkt. no. 23) is denied.

It is further ordered that the urgent motion for reconsideration (dkt. no. 26) is denied.

It is further ordered that Plaintiff shall file his amended complaint within thirty (30) days from the date of entry of this order in accordance with this Court's screening order (dkt. no. 8).

It is further ordered that if Plaintiff fails to file an amended complaint about his conditions of confinement within thirty (30) days from the date of entry of this order, this action shall be dismissed without prejudice.

It is further ordered that the Clerk of the Court shall send Plaintiff a copy of this Court's screening order (dkt. no. 8).

It is further ordered that the Court will not grant any further extensions for filing an amended complaint.

DATED THIS 26th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE