UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES DEAN VIOX,

Plaintiff,

v.

NANCY PORTER et al.,

Defendants.

Case No. 3:14-cv-00357-MMD-WGC

ORDER

On October 20, 2014, this Court entered a screening order deferring a decision on the application to proceed *in forma pauperis*. (Dkt. no. 8 at 5.) In the screening order, the Court dismissed the complaint in its entirety with respect to the allegations challenging Plaintiff's conviction, appeal, and habeas proceedings but granted Plaintiff leave to amend his complaint with respect to the allegations related to his incarceration at the Northern Nevada Correctional Center ("NNCC"). (*Id.*) The Court granted Plaintiff thirty (30) days from the date of that order to file an amended complaint. (*Id.*) The Court further noted that it would dismiss the case without prejudice if Plaintiff failed to file an amended complaint about his conditions of confinement. (*Id.*)

On October 29, 2014, Plaintiff filed a notice of appeal as to this Court's screening order. (Dkt. no. 12.) On November 13, 2014, the Ninth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction because the screening order was not final or appealable. (Dkt. no. 15.)

On November 21, 2014, this Court entered an order directing Plaintiff to file his amended complaint within thirty (30) days from the date of that order. (Dkt. no. 17 at 3.)

1  The Court reiterated that if Plaintiff failed to file an amended complaint, the Court would

2  dismiss the action without prejudice. (*Id.*)

3  　　　　On November 26, 2014, Plaintiff filed an interlocutory notice of appeal as to the

4  Court's screening order. (Dkt. no. 19.) On February 6, 2015, Plaintiff filed a petition for

5  writ of mandamus with the Ninth Circuit. (Dkt. no. 27.) On March 24, 2015, the Ninth

6  Circuit denied Plaintiff's petition and denied all other pending motions as moot. (Dkt. no.

7  28.)

8  　　　　On March 26, 2015, this Court granted Plaintiff one final opportunity to amend his

9  complaint within thirty (30) days from the date of entry of that order. (Dkt. no. 29 at 3.)

10  The Court informed Plaintiff that if he failed to file an amended complaint about his

11  conditions of confinement, the Court would dismiss the action without prejudice. (*Id.*)

12  The Court also informed Plaintiff that there would be no further extensions. (*Id.*)

13  　　　　On April 13, 2015, Plaintiff filed an "amendment" which stated, "The conditions of

14  confinement were as follows: 36 months to 156 months in the Nevada state prison. A

15  $25.00 court assessment fee." (Dkt. no. 30 at 1.) The Court finds that Plaintiff has failed

16  to file an amended complaint in compliance with this Court's March 26, 2015 order.

17  Additionally, even if this "amendment" was construed as an amended complaint, these

18  two sentences fail to state a claim for conditions of confinement.

19  　　　　District courts have the inherent power to control their dockets and "[i]n the

20  exercise of that power, they may impose sanctions including, where appropriate . . .

21  dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829,

22  831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

23  failure to prosecute an action, failure to obey a court order, or failure to comply with

24  local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

25  noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

26  1992)  (dismissal for failure to comply with an order requiring amendment of complaint);

27  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply

28  with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v.*

2

*U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within thirty (30) days expressly stated: "It is further ordered that if Plaintiff fails to file an amended complaint about his conditions of confinement within thirty (30) days from the date of entry of this order, this action shall be dismissed without prejudice." (Dkt. no. 29 at 3.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint within thirty (30) days.

///

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's March 26, 2015, order and for failure to state a claim.

It is further ordered that the motion to proceed *in forma pauperis* (dkt. no. 1) is denied as moot.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 28th day of April 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4